UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW YORK LIFE INSURANCE COMPANY,

      Plaintiff,

   -against-

DAVID L. GALICIA and LEONARDO L. SY,

      Defendants.

MEMORANDUM & ORDER

20-CV-3005 (NGG) (RML)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff New York Life Insurance Company brought this interpleader action, seeking to deposit the proceeds of a life insurance policy with the court and to discharge it from further liability in connection with the policy. In addition, Plaintiff moved to appoint a guardian *ad litem* for Defendant David Galicia and for attorney's fees and costs. Mr. Galicia is one of two named beneficiaries of an insurance policy held by his deceased mother, whom he is accused of murdering. Mr. Galicia is currently awaiting trial on the murder charges. On January 12, 2021, Magistrate Judge Robert M. Levy issued the annexed Report and Recommendation ("R&R"), recommending that the court grant Plaintiff's motion in its entirety, except to deny its request for attorney's fees and costs. (*See* R&R (Dkt. 16) at 1.) Judge Levy also granted the motion to appoint a guardian *ad litem*. (*Id.* at 8-9.)

No party has objected to Judge Levy's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09 CV 2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the R&R in full.

1

SO ORDERED.

Dated:   Brooklyn, New York
         February 2, 2021

                                                   /s/ Nicholas G. Garaufis
                                                  NICHOLAS G. GARAUFIS
                                                  United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEW YORK LIFE INSURANCE COMPANY,

               Plaintiff,

   -against-

DAVID L. GALICIA and LEONARDO L. SY,

               Defendants.
-------------------------------------------------------------X

ORDER AND
REPORT AND
RECOMMENDATION
20 CV 3005 (NGG)(RML)

LEVY, United States Magistrate Judge:

        Plaintiff New York Life Insurance Company ("plaintiff" or "New York Life") moves for an order appointing a guardian *ad litem* for defendant David L. Galicia ("Galicia"), discharging plaintiff from all liability under the life insurance policy at issue, permanently enjoining defendants Galicia and Leonardo L. Sy ("Sy") from commencing any other actions or proceedings seeking payment in connection with the life insurance policy at issue, dismissing plaintiff from this action with prejudice, and awarding plaintiff attorney's fees and costs. For the reasons stated below, the motion for appointment of a guardian *ad litem* is granted, and I respectfully recommend that plaintiff's motion otherwise be granted, with the exception of the request for attorney's fees and costs, which I recommend be denied.

## BACKGROUND AND FACTS

        Plaintiff commenced this interpleader action on July 7, 2020, seeking leave to deposit the proceeds of a life insurance policy with the registry of the court and to have the court resolve competing claims to the insurance proceeds. (See Complaint, dated July 7, 2020 ("Compl."), Dkt. No. 1.) Plaintiff issued the life insurance policy (the "Policy") to the insured, Carmelita Cabansag (the "Insured"), in 2012. At the time of the Insured's death on April 24, 2020, Galicia was the owner of the Policy, which was in the face amount of $50,000 and

designated Galicia, identified as the Insured's son, and her nephew Sy, as the primary beneficiaries to equal shares of the proceeds, with no contingent beneficiaries. (Id. ¶¶ 9–11; Exs. C, D, E.)

The Insured's cause of death was deemed to be homicide. (Id. ¶ 14; Ex. F.) Galicia was arrested on April 24, 2020 in connection with the Insured's death, and shortly after was charged with murder in the second degree. (Id. ¶ 16.) The criminal matter is currently pending in Queens County Supreme Court. (Declaration of Tiffany C. Millioen, Esq., dated Nov. 25, 2020 ("Millioen Decl."), Dkt. No. 14, ¶ 11.)

By claim form dated May 7, 2020, Sy asserted a claim for the death benefit. (Compl. ¶ 23; Ex. G.) On or about May 11, 2020, New York Life paid Sy one-half of the death benefit, in the amount of $25,000. (Id. ¶ 24.) There have been no other claims. (Id. ¶ 25.) Galicia was served with the Summons and Complaint at the Riker's Island Correctional Facility on July 14, 2020 (see Dkt. No. 7), but has not appeared in this action. Because plaintiff believes Galicia to be mentally incompetent, it requests the appointment of a guardian *ad litem* to represent Galicia's interest in the funds, appear on his behalf in this action, litigate his claim to the proceeds, and otherwise bind him to orders entered and decisions made during the course of this litigation. (Plaintiff's Memorandum of Law, dated Nov. 25, 2020 ("Pl.'s Mem."), Dkt. No. 15, at 6.)

### DISCUSSION

A. <u>Motion for Deposit of Interpleader Funds</u>

Plaintiff moves for Deposit of Interpleader Funds pursuant to 28 U.S.C. § 1335, which states, in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any

> person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Fid. Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citations omitted). "When faced with an interpleader action, courts generally use a two-step approach. In the first step, a court must determine whether the interpleader action is appropriate. . . ." Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (citation omitted). "[I]f [the court] finds that the action . . . is appropriate, the plaintiff will be discharged from liability," and the court will proceed to the second step, in which it "adjudicates the claims among the remaining adverse parties." Id. (citations omitted); see also N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983) (describing two-step approach); Union Cent. Life Ins. Co. v. Berger, No. 10 CV 8408, 2012 WL 4217795, at *6 (S.D.N.Y. Sept. 20, 2012) (same).

3

"In order to determine whether an interpleader is appropriate under the first step, a court must . . . ensure that the plaintiff has satisfied the jurisdictional requirements for bringing the action." Mitchell, 966 F. Supp. 2d at 102. Section 1335 "requires that the plaintiff bringing the interpleader action is in possession of a single fund of value greater than $500" and that the claim involves "two or more adverse claimants of diverse citizenship." Id. The diversity requirement "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants. . . . " State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967); see also FVA Ventures, Inc. v. BMO Harris Bank, N.A., No. 12 CV 2876, 2012 WL 4863210, at *4 (E.D.N.Y. Oct. 12, 2012); N.Y. Life Ins. Co. v. Apostolidis, 841 F. Supp. 2d 711, 716 (E.D.N.Y. 2012). In this case, all of the prerequisites for the court's exercise of jurisdiction have been satisfied. The Policy's face value was $50,000, and plaintiff concedes liability in that amount. (See Compl. ¶¶ 9, 15.) Additionally, because Galicia is a citizen of New York and Sy is a citizen of California (see id. ¶¶ 2, 3), the parties are minimally diverse.

"Assuming the jurisdictional requirements of [§ 1335] are satisfied, the appropriateness of an interpleader action rests on whether the plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." Mitchell, 966 F. Supp. 2d at 102 (citations and internal quotation marks omitted); see also United States v. Barry Fischer Law Firm, LLC, No. 10 CV 7997, 2011 WL 31545, at *3 (S.D.N.Y. Jan. 5, 2011). "[A] court need not analyze the merits of the claims[,] because the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." Mitchell, 966 F. Supp. 2d at 102 (some alterations and internal quotation marks omitted); see also Citigroup Global Mkts., Inc. v. KLCC Invs., LLC, No. 06 CV 5466, 2007 WL 102128, at *6 (S.D.N.Y. Jan. 11, 2007).

4

Here, if it is determined that Galicia intentionally killed the Insured, then he will forfeit any right to the remaining death benefit and it will go to Sy. See John Hancock Life Ins. Co. v. Perchikov, No. 04 CV 98, 2010 WL 185007, at *2 (E.D.N.Y. Jan. 15, 2010) (explaining that New York law forbids "a life insurance beneficiary who kills the insured . . . from collecting the insured's life insurance proceeds.") Because Galicia's criminal case has not concluded, plaintiff has alleged that it "cannot determine factually or legally who is entitled to the remaining one-half of the Death Benefit" and that because of "the actual or potential claims of the interpleading parties, [plaintiff] is or may be exposed to multiple liability." (Compl. ¶ 25.) Accordingly, this interpleader action is appropriate.

By way of relief, plaintiff requests (1) that defendants be restrained from instituting or maintaining any action against it for the recovery of any part of the Policy's proceeds; (2) that upon its payment of the Policy's remaining proceeds into the court's registry, the court discharge it from all further liability; (3) dismissal from this action with prejudice, and (4) an award of attorney's fees and costs, payable from the Policy's proceeds. (See Pl's Mem. at 8-10.) 28 U.S.C. § 2361 provides:

> In any civil action of interpleader or in the nature of interpleader under [28 U.S.C. § 1335], a district court may . . . enter [an] order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . . Such district court . . . may [also] discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361; see also Guardian Life Ins. Co. of Am. v. St. Ange, No. 11 CV 3468, 2012 WL 463894, at *2 (S.D.N.Y. Feb. 8, 2012). "[W]here a stakeholder, faced with rival claims to the fund itself, acknowledges [its] liability to one or the other of the claimants, it is reasonable and sensible that interpleader should also protect the stakeholder from vexatious and multiple

5

litigation, and therefore[,] suits sought to be enjoined in such situations are squarely within the language of [§ 2361]." Bank of Am., 2011 WL 2581765, at *4 (some alterations and internal quotation marks omitted) (quoting State Farm, 386 U.S. at 534). "An injunction against overlapping lawsuits is desirable to [e]nsure the effectiveness of the interpleader remedy," as such an injunction "prevents the multiplicity of actions and reduces the possibility of inconsistent determinations." Mitchell, 966 F. Supp. 2d at 104 (citation and internal quotation marks omitted); see also Apostolidis, 841 F. Supp. 2d at 720. Here, because the requirements of § 1335 have been satisfied, and plaintiff has acknowledged its liability to one or the other of the potential claimants (see Compl. ¶ 15), the court should "restrain [all potential claimants to the Policy's proceeds] from instituting or prosecuting any proceeding in any State or United States court affecting" the proceeds. See 28 U.S.C. § 2361.

Moreover, "[g]enerally, once an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements of an interpleader claim, the court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant." Mitchell, 966 F. Supp. 2d at 103 (alterations and internal quotation marks omitted) (citing, inter alia, Conn. Dev. Auth., 700 F. 2d at 95); see also Apostolidis, 841 F. Supp. 2d at 720; Bank of Am., 2011 WL 2581765, at *4. Because the requirements of § 1335 have been satisfied, and there is no indication that plaintiff may be independently liable to any potential claimant, I respectfully recommend that plaintiff be discharged from further liability for the insurance proceeds at issue and that plaintiff be dismissed from this action with prejudice. See 28 U.S.C. § 2361.

As to plaintiff's request for attorney's fees and costs, "a district court has discretion to award reasonable attorneys' fees and costs to a disinterested stakeholder in an

action brought under the interpleader statute." Hartford Life Ins. Co. v. Pottorff, No. 13 CV 77, 2014 WL 1393751, at *6 (N.D.N.Y. Apr. 9, 2014) (citation and internal quotation marks omitted); see also N.Y. Life Ins. Co. v. Aleandre, No. 13 CV 2384, 2014 WL 30508, at *4 (S.D.N.Y. Jan. 2, 2014). However, "the decision to award fees and costs is left to the sound discretion of the district court," and "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." Mitchell, 966 F. Supp. 2d at 104 (citations, alterations, and internal quotation marks omitted); see also Feehan v. Feehan, No. 09 CV 7016, 2011 WL 497852, at *7 (S.D.N.Y. Jan. 10, 2011), report and recommendation adopted, 2011 WL 497776 (S.D.N.Y. Feb. 10, 2011). "This is particularly true in the case of insurance companies, where minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business." Mitchell, 966 F. Supp. 2d at 104 (citations and internal quotation marks omitted); see also Apostolidis, 841 F. Supp. 2d at 721. "As a result, courts in this Circuit have typically declined to award insurance companies attorneys' fees and costs in interpleader actions." Feehan, 2011 WL 497852, at *7 (collecting cases); see also Pottorff, 2014 WL 1393751, at *7 (declining to award insurance company attorney's fees and costs in a "straightforward interpleader action over a modest fund" where the insurance company "did not incur any unique expenses"); Mitchell, 966 F. Supp. 2d at 105 (declining to award insurance company attorney's fees and costs where the insurance company "did not incur any unique expenses," and adopting the view that interpleader actions "are brought primarily in the [insurance] company's own self-interest," as such actions "relieve[ ] the insurance company of multiple suits and eventuates in its discharge" (alterations and internal quotation marks omitted)); cf. Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the

7

payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader.").

Here, plaintiff has not identified any unique expenses that it has incurred in connection with litigating this action, nor any other special circumstances tending to suggest that the court should depart from the established practice among district courts within the Second Circuit of declining to award attorney's fees and costs to similarly situated insurance companies. See Guardian Life Ins. Co. v. Gilmore, 45 F. Supp. 3d 310, 320–21 (S.D.N.Y. 2014) (collecting cases). I therefore recommend that plaintiff's request for attorney's fees and costs be denied.

B.  Appointment of Guardian Ad Litem

Under Rule 17(c)(2) of the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." In this case, while New York Life does not cite to any finding that Galicia is incompetent, he is in custody and there is reason to believe that he lacks capacity to represent his own interests. According to an official press release issued by the Queens County District Attorney on April 30, 2020, announcing that Galicia had been arrested in connection with the death of his mother:

> The defendant was present in the apartment when police arrived and was taken to a hospital for what appeared to be self-inflicted injuries. At the hospital, Galicia allegedly told police in sum and substance that he woke up, went to the bathroom and then took a butcher knife to his mother. The defendant allegedly further stated that he did not know why he did this.

(Millioen, Decl. ¶ 9, Ex. A.) Plaintiff's counsel also reports, based on communications with the District Attorney's Office, that Galicia's defense attorney has requested psychiatric evaluations in connection with the criminal proceeding. (Id. ¶ 11.) As stated above, Galicia has been served with the complaint in this action but has not appeared. I therefore find that the appointment of a

8

guardian *ad litem* is appropriate for the purpose of reporting to this court on any competency findings made in the criminal case, and in order to appear on Galicia's behalf in this action, litigate his claim to the proceeds, and otherwise bind him to orders entered and decisions made during the course of this litigation, as necessary. The court will endeavor to appoint a pro bono guardian *ad litem*, and will make the appointment by separate order.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for an order discharging it from all liability under the life insurance policy at issue, permanently enjoining defendants Galicia and Sy from commencing any other actions or proceedings seeking payment in connection with the life insurance policy at issue, and dismissing plaintiff from this action with prejudice be granted. I further recommend that plaintiff's request for attorney's fees and costs be denied. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Plaintiff's motion for the appointment of a guardian *ad litem* to represent Galicia's interest in the Policy is granted. The specific appointment will be addressed by separate order.

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
January 11, 2021

9