UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW YORK LIFE INSURANCE COMPANY,

        Plaintiff,

  -against-

DAVID L. GALICIA and LEONARDO L. SY,

        Defendants.

------------------------------------------------------------X

REPORT AND RECOMMENDATION
20 CV 3005 (NGG)(RML)

LEVY, United States Magistrate Judge:

        Plaintiff New York Life Insurance Company ("New York Life") brought this interpleader action to determine the disposition of a life insurance policy naming as beneficiaries defendants David L. Galicia ("Galicia") and Leonardo L. Sy ("Sy"). For the reasons stated below, I respectfully recommend that the remaining insurance proceeds in the amount of $25,510.27 be distributed to Sy.

## BACKGROUND AND FACTS

        New York Life commenced this interpleader action on July 7, 2020, seeking leave to deposit the proceeds of a life insurance policy with the registry of the court and to have the court resolve competing claims to the proceeds. (See Complaint, dated July 7, 2020 ("Compl."), Dkt. No. 1.) New York Life issued the life insurance policy (the "Policy") to the insured, Carmelita Cabansag (the "Insured"), in 2012. At the time of the Insured's death on April 24, 2020, Galicia was the owner of the Policy, which was in the face amount of $50,000 and designated Galicia, identified as the Insured's son, and her nephew Sy as the primary beneficiaries to equal shares of the proceeds, with no contingent beneficiaries. (Id. ¶¶ 9–11; Exs. C, D, E.)

        The Insured's cause of death was deemed to be homicide. (Id. ¶ 14; Ex. F.)

Galicia was arrested on April 24, 2020 in connection with the Insured's death, and shortly after was charged with murder in the second degree. (Id. ¶ 16.) The criminal matter was pending in New York Supreme Court, Queens County, when the complaint was filed. (Declaration of Tiffany C. Millioen, Esq., dated Nov. 25, 2020, Dkt. No. 14, ¶ 11.)

By claim form dated May 7, 2020, Sy asserted a claim for the death benefit. (Compl. ¶ 23; Ex. G.) On May 11, 2020, New York Life paid Sy one-half of the death benefit, in the amount of $25,000. (Id. ¶ 24.) There have been no other claims. (Id. ¶ 25.) Galicia was served with the Summons and Complaint at the Riker's Island Correctional Facility on July 14, 2020, see Dkt. No. 7, but has not appeared in this action.

I issued a Report and Recommendation on January 12, 2021, recommending that New York Life be discharged from all liability under the Policy, Galicia and Sy be permanently enjoined from commencing any other actions or proceedings seeking payment in connection with the Policy, and dismissing New York Life from this action with prejudice. (Order and Report and Recommendation, dated Jan. 12, 2021 ("R&R"), Dkt. No. 16.) By order dated February 2, 2021, the Honorable Nicholas G. Garaufis, United States District Judge, adopted the Report and Recommendation in full. (Order Adopting Report and Recommendation ("Order Adopting Report"), dated Feb. 2, 2021, Dkt. No. 17.) The interpleader deposit in the amount of $25,510.27 was received by the court on March 2, 2021. (See Interpleader Deposit Received, dated Mar. 2, 2021, Dkt. No. 18.)

In March 2022, Galicia was convicted of manslaughter in the first degree for the death of the Insured. Galicia was sentenced to sixteen years and six months in prison and is currently serving his sentence.[1]

---

[1] This was confirmed by entering the name "Galicia, David" with the birth date April 15, 1972 into the website https://nysdoccslookup.doccs.ny.gov/.

2

**DISCUSSION**

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Fid. Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citations omitted). "When faced with an interpleader action, courts generally use a two-step approach. In the first step, a court must determine whether the interpleader action is appropriate. . . ." Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (citation omitted). "[I]f [the court] finds that the action . . . is appropriate, the plaintiff will be discharged from liability," and the court will proceed to the second step, in which it "adjudicates the claims among the remaining adverse parties." Id. (citations omitted); see also N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983) (describing two-step approach); Union Cent. Life Ins. Co. v. Berger, No. 10 CV 8408, 2012 WL 4217795, at *6 (S.D.N.Y. Sept. 20, 2012) (same).

In my previous Report and Recommendation, I found that the requirements of § 1335 were satisfied, and I therefore respectfully recommended, and the court so ordered, that New York Life be discharged from further liability for the insurance proceeds at issue and that it be dismissed from this action with prejudice. (See R&R; Order Adopting Report.) What remains is the sum of $25,510.27 and how to distribute those funds.

Galicia's manslaughter conviction prevents him from ever obtaining the life insurance funds because, under New York's "Slayer's Rule," a person "who causes the death of the insured cannot recover under the policy." See Metro. Life Ins. Co. v. Little, 13 CV 1059, 2013 WL 4495684, at *2 (E.D.N.Y Aug. 17, 2013) (citing Mutual Life Ins. Co. v. New York, 117 U.S. 591 (1886)). Further, "federal law recognizes the equitable principle that 'no person

3

should be permitted to profit from his own wrong.'" Id. at 3 (quoting Prudential Ins. Co. v. Tull, 690 F.2d 848, 849 (4th Cir. 1982)). Here, Galicia's conviction triggers the "Slayer's Rule" and thus disqualifies Galicia from recovering his share of the life insurance funds. See Little, 2013 WL 4495684, at *3. I therefore respectfully recommend that Sy, as the sole remaining beneficiary, receive the proceeds of $25,510.27 and that this matter be closed.

## CONCLUSION

For the reasons stated above, I respectfully recommend that Sy receive the remaining balance of the life insurance proceeds in the amount of $25,510.27. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Garaufis and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72 (b)(2).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       August 5, 2022